**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN (BALTIMORE) DIVISION**

| | | |
|---|---|---|
| SARAH WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:12-cv-3620 |
| vs. | ) | |
| | ) | |
| ACB RECEIVABLES | ) | |
| MANAGEMENT, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, SARAH WEBSTER, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, ACB RECEIVABLES MANAGEMENT, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.     Plaintiff is an individual who was at all relevant times residing in Columbia, Maryland.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.      On information and belief, Defendant is a corporation of the State of New Jersey, which is licensed to do business in Maryland and which has its principal place of business in Asbury Park, New Jersey.

## **ALLEGATIONS**

8.      Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about the calendar year of 2012 in attempts to collect the aforementioned alleged debt.

9.      On or about June or July of 2012, Plaintiff reviewed her credit report and observed an entry on her credit report stating she allegedly owed a debt to Defendant.  On or about July 23, 2012, Plaintiff mailed a letter to Defendant requesting verification of the alleged debt.  A copy of said letter is attached hereto as Plaintiff's Exhibit 1.

10.     On or about August 29, 2012, Plaintiff received a letter from Defendant requesting additional information from Plaintiff but did not include verification of the alleged debt.  A copy of said letter is attached hereto as Plaintiff's Exhibit 2.

11.     On or about September 2, 2012, Plaintiff mailed a letter to Defendant requesting for Defendant to cease and desist contacting Plaintiff about the alleged debt.  A copy of said letter is attached hereto as Plaintiff's Exhibit 3.

12.     On or about September 12, 2012, Plaintiff received a letter from Defendant requesting additional information.  A copy of said letter is attached hereto as Plaintiff's Exhibit 4.

13.     On or about September 13, 2012, Plaintiff received a letter from Defendant demanding payment of the alleged debt.  The letter failed to provide notice regarding the alleged debt, as required by 15 U.S.C. § 1692g(a).  A copy of said letter is attached hereto as Plaintiff's Exhibit 5.

14.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a.     Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g;

   b.     Failing to provide the notice to Plaintiff which is required by 15 U.S.C. § 1692g;

   c.     Continuing to communicate with Plaintiff after Defendant was notified in writing that she refused to pay the debt and/or that she wished for Defendant to cease further communication with her, in violation of 15 U.S.C. § 1692c(c); and

   d.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SARAH WEBSTER, respectfully prays for a judgment against Defendant as follows:

a.     Statutory damages of $1,000.00 for each violation of the FDCPA;

b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

_____/s/_____
Mitchel E. Luxenburg (29092)
Attorney for Plaintiffs
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com